UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE LAWTONE-BOWLES,<br><br>                      Plaintiff,<br><br>-against-<br><br>STEVEN J. BAUM; RIYAZ G. BHIMANI; EXKERT SEAMANS CHERIN & MELLOT, LLC; U.S. BANK NATIONAL ASSOCIATION, as Trustee, as Successor-in-Interest to Bank of America National Association; SELECT PORTFOLIO SERVICING; U.S. BANK NATIONAL ASSOCIATION, as Trustee, as Successor by Merger to Lasalle Bank National Association, JUDGE SANDRA B. SCORITINO,<br><br>                      Defendants. | 25-CV-1218 (LLS)<br>AMENDED<br>COMPLAINT AND<br>JURY DEMAND |

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Nicole Lawtone-Bowles ("Plaintiff"), proceeding pro se, alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and several Defendants reside or conduct business here.

1

## II. PARTIES

3. Plaintiff is a natural person residing at 56 Center Street, Highland Falls, New York.

4. Defendant Steven J. Baum is an attorney licensed in New York and Florida, engaged in foreclosure and debt collection activities.

5. Defendant Riyaz G. Bhimani is an attorney licensed in New York and a attorney of Defendant Eckert Seamans Cherin & Mellott, LLC.

6. Defendant U.S. Bank National Association is sued in its capacities as trustee in the mortgage securitizations described herein.

7. Defendant Select Portfolio Servicing, Inc. ("SPS") is a Utah-based mortgage servicer engaged in the collection of mortgage debt.

## III. FACTUAL ALLEGATIONS

8. In 2001, Plaintiff obtained a mortgage from Alliance Funding, a division of Superior Bank, in the principal amount of $70,600, secured by her home at 56 Center Street, Highland Falls, New York.

9. On or about September 7, 2004, Plaintiff signed over a $81,000 from a Workers' Compensation award to Defendant Steven J. Baum, with the understanding that these funds would fully satisfy her mortgage.

10. Defendant Baum issued a written payoff receipt (Exhibit B) but failed to apply the funds to the mortgage. Defendants continued to treat the debt as outstanding.

11. Between 2004 and 2015, Plaintiff continued making monthly payments to SPS under protest, believing she was compelled to avoid foreclosure.

12. On July 28, 2015, a Satisfaction of Mortgage for the Alliance Funding loan was recorded in Orange County (Exhibit 5), confirming the debt was paid.

2

13. Despite this satisfaction, Defendants—including SPS, U.S. Bank, and their counsel—created and relied upon a fraudulent Assignment of Mortgage purporting to transfer Plaintiff's mortgage to U.S. Bank National Association, as Trustee for MLMI Trust 2002-AFC1. This assignment was executed by parties without legal authority, referenced a trust that did not exist at the time of transfer, and misrepresented the chain of title to fabricate standing to foreclose.

14. U.S. Bank and SPS initiated multiple foreclosure actions from 2018 through 2025, including the action under Index No. EF003745-2018 in Orange County Supreme Court.

15. Plaintiff presented evidence of the payoff and alleged fraud in the state proceedings, but on January 6, 2025, Justice Sandra B. Scoritino entered a foreclosure judgment in favor of U.S. Bank.

16. Plaintiff alleges the judgment was procured through fraud upon the court, concealment of material facts, and reliance on fabricated mortgage assignments.

17. As a result of Defendants' conduct, Plaintiff suffered loss of property rights, financial harm, severe emotional distress, and damage to her credit reputation.

### IV. CAUSES OF ACTION

**COUNT I – TRUTH IN LENDING ACT (TILA)**

(15 U.S.C. § 1601 et seq.)

18. Plaintiff re-alleges paragraphs 1–17.

19. U.S. Bank, as successor to the original lender, failed to provide accurate disclosures at the consummation of the loan in 2001 and failed to account for Plaintiff's payoff in 2004.

20. The limitations period should be equitably tolled due to Defendants' concealment of the misapplication of funds until Plaintiff discovered the recorded satisfaction in 2015.

## COUNT II – REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

(12 U.S.C. § 2605)

21. Plaintiff re-alleges paragraphs 1–20.

22. SPS, as loan servicer, continued to send false monthly statements after the mortgage was paid off.

23. Plaintiff sent written disputes to SPS regarding the account, constituting Qualified Written Requests under RESPA, but SPS failed to correct the error or investigate in good faith.

## COUNT III – FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

(15 U.S.C. § 1692 et seq.)

24. Plaintiff re-alleges paragraphs 1–23.

25. Defendants Baum, Bhimani, and Eckert Seamans, acting as debt collectors, made false representations of the character, amount, and legal status of the debt by pursuing foreclosure despite recorded satisfaction.

## COUNT IV – FAIR CREDIT REPORTING ACT (FCRA)

(15 U.S.C. § 1681s-2(b))

26. Plaintiff re-alleges paragraphs 1–25.

27. U.S. Bank and SPS furnished inaccurate information to credit reporting agencies indicating that Plaintiff was delinquent on the satisfied mortgage.

28. After receiving Plaintiff's disputes from credit bureaus, Defendants failed to reasonably investigate or correct the inaccuracies.

## COUNT V – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

(18 U.S.C. §§ 1962(c), 1964(c))

29. Plaintiff re-alleges paragraphs 1–28.

30. Defendants formed an association-in-fact enterprise with the common purpose of collecting unlawful mortgage payments and foreclosing on satisfied mortgages.

31. Defendants engaged in a pattern of racketeering activity, including mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343), through foreclosure filings, mortgage statements, and false credit reporting.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Actual damages in an amount to be determined at trial;

B. Statutory damages as provided by TILA, RESPA, FDCPA, and FCRA;

C. Treble damages under RICO;

D. Declaratory judgment that the mortgage obligation was satisfied in 2004 and that the foreclosure judgment is void due to fraud;

E. Injunctive relief prohibiting further foreclosure or collection activity;

F. Costs and any other relief the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

**Respectfully submitted,**

/s/ Nicole Lawtone-Bowles

56 Center Street

Highland Falls, NY 10928

(347) 538-5386

nicolelawtone@aol.com

Dated: August 8, 2025

# EXHIBIT 4

## ASSIGNMENT OF MORTGAGE

KNOW THAT Alliance Funding, a Division of Superior Bank FSB
One Ramland Road, Orangeburg, New York 10962

, assignor,

in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration

paid by    See Attached Exhibit * A *

, assignee,

hereby assigns unto the assignee,

Mortgage dated the 29th day of JUNE, 2001, made by
NICOLE LAWTONE BOWLES

to ALLIANCE FUNDING COMPANY
in the principal sum of $ 70,600.00 and recorded on the 8th day of August, 2001,
, in Liber 8597 of Mortgages, page 164, in the office of the County Clerk/ Register of Deeds of the County
of ORANGE covering premises therein described.

COMMONLY KNOWN AS: 56 CENTER ST
HIGHLAND FALLS, NY 10928-1808
("THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENTS OF SECTION 275 OF THE REAL PROPERTY LAW BECAUSE IT IS AN ASSIGNMENT WITHIN THE SECONDARY MORTGAGE MARKET.")

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment this 9th day of JULY 2001,

IN PRESENCE OF:                          Alliance Funding, a
                                         Division of Superior Bank FSB

_[signature]_                            _[signature]_
DONNA GRAY                               J. A. SORICELLI
-SEAL-                                   VICE PRESIDENT

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF ROCKLAND    )

On the 9th day of JULY in the year 2001 before me, the undersigned, a Notary Public in and for said State, personally appeared J. A. SORICELLI, VICE PRESIDENT, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature (s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_[signature]_
EILEEN O'KEEFFE
NOTARY PUBLIC, State of New York
No. 01OK6053056
Qualified in Orange County
My Commission Expires Jan. 2, 2003

Assignment of Mortgage
without Covenant

SECTION 103
BLOCK   3
LOT     48
COUNTY OR TOWN   ORANGE

RETURN BY MAIL TO:   When recorded return to:
                     Richmond Monroe Group
                     82 Jim Linegar LN
                     Branson West, MO 65737
                     SPS # 00023271 61

LOAN ID: [redacted]
AJTK                 ASG014A.NYM

NY ASSIGNMENT OF MORTGAGE (9/14/99)

**EXHIBIT A**

Assignee: U.S. Bank National Association, as trustee, in trust for the holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates, Series 2002-AFC1
C/O Select Portfolio Servicing, Inc.
3815 S. West Temple
Salt Lake City, Utah 84115

# EXHIBIT D

## ASSIGNMENT OF MORTGAGE

KNOW THAT Alliance Funding, a Division of Superior Bank FSB
One Ramland Road, Orangeburg, New York 10962
, assignor,

in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration

paid by    See Attached Exhibit " A "

, assignee,

hereby assigns unto the assignee,

Mortgage dated the 29th day of    JUNE    , 2001    , made by
NICOLE LAWTONE BOWLES

to ALLIANCE FUNDING COMPANY
in the principal sum of $ 70,600.00    and recorded on the 8th day of August, 2001
, in Liber 8597    of Mortgages, page 164, in the office of the County Clerk/Register of Deeds of the County
of    ORANGE    covering premises therein described.

COMMONLY KNOWN AS:    56 CENTER ST
HIGHLAND FALLS, NY 10928-1808
("THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENTS OF SECTION 275 OF THE REAL PROPERTY
LAW BECAUSE IT IS AN ASSIGNMENT WITHIN THE SECONDARY MORTGAGE MARKET.")

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment this 9th day of    JULY
2001
IN PRESENCE OF:                    Alliance Funding, a
                                   Division of Superior Bank FSB

_____          _____
-SEAL-                             J. J. SORICELLI
                                   VICE PRESIDENT

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF ROCKLAND   )

On the 9th day of JULY    in the year    2001    before me, the undersigned, a Notary Public
in and for said State, personally appeared    J. A. SORICELLI, VICE PRESIDENT
personally known to me or proved to me on the basis of satisfactory evidence to be the individual (s) whose name (s) is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies),
and that by his/her/their signature (s) on the instrument, the individual (s), or the person upon behalf of which the individual (s)
acted, executed the instrument.
                                   EILEEN O'KEEFFE
                                   NOTARY PUBLIC, State of New York
                                   No. 01OK6053056
                                   Qualified in Orange County
                                   My Commission Expires Jan. 2, 2003

Assignment of Mortgage
without Covenant

SECTION 103
BLOCK    3
LOT    48
COUNTY OR TOWN    ORANGE

RETURN BY MAIL TO:    SUPERIOR BANK FSB
                      ONE RAMLAND ROAD
                      ORANGEBURG, NY 10962
                      ATTN: RECORDED DOCUMENTS DEPT.

LOAN ID: ███████
AJTK    ASG814A.NYM

NY ASSIGNMENT OF MORTGAGE (9/14/99)

# EXHIBIT A

Assignee: U.S. Bank National Association, as trustee, in trust for the holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates, Series 2002-AFC1
C/O Select Portfolio Servicing, Inc.
3815 S. West Temple
Salt Lake City, Utah 84115

## 📜 Chronological Timeline of Events: Nicole Lawtone-Bowles – Mortgage and Foreclosure Dispute

### I. Mortgage Origination and Early Chain of Title Issues

- **June 29, 2001**
  Nicole Lawtone-Bowles closed on a $70,600 mortgage for 56 Center Street, Highland Falls, NY, originated by Alliance Funding, a division of Superior Bank, FSB.

- **July 9, 2001**
  Assignment of Mortgage was executed *before* the mortgage was recorded.
  🔴 *Legal issue: An assignment prior to recording is procedurally invalid under New York law.*

- **July 27, 2001**
  Superior Bank failed; the FDIC was appointed receiver.
  🔴 *Legal issue: No lawful authority to execute or ratify transfers post-failure without FDIC documentation.*

- **August 8, 2001**
  The mortgage was officially recorded in Orange County Clerk's Office.
  🔴 *Legal issue: Recording after failure raises authenticity and authority issues.*

### II. Satisfaction and Servicing Transitions

- **2002**
  Merrill Lynch Mortgage Investors Trust Series 2002-AFC1 was created.
  🔴 *Legal issue: Mortgage assignment in 2001 to a trust created in 2002 is facially fraudulent.*

- **2002**
  LaSalle Bank became trustee for the Merrill Lynch Trust 2002-AFC1.

🔴 *Legal issue: No FDIC documentation exists to prove the transfer of Superior Bank's assets.*

- **September 7, 2004**
  Lawtone-Bowles paid $81,000 by signing over her workers compensation check to Steven J. Baum, P.C., counsel for SPS, and received a "Paid in Full" letter confirming satisfaction of the mortgage.

- **2004**
  Fairbanks Capital Corp. (1989-2004) rebranded to Select Portfolio Servicing (SPS), the servicer involved in the dispute.

- **2007**
  Bank of America acquired LaSalle Bank, becoming successor trustee.

---

### III. Acceleration, Foreclosure, and FAPA Violations

- **February 1, 2009**
  Lawtone-Bowles allegedly defaulted on her mortgage. Loan was accelerated.
  🔴 *Legal effect: Statute of limitations (6 years under CPLR § 213(4)) begins.*

- **January 8, 2010**
  LaSalle Bank, as trustee, initiated foreclosure action (Index No. 592/2010).

- **2010**
  U.S. Bank replaced Bank of America as trustee for the Merrill Lynch Trust Series 2002-AFC1.

- **2011**
  Steven J. Baum, P.C., the foreclosure counsel, was shut down for systemic fraud and robo-signing.

- **2015**
  Lawtone-Bowles received written confirmation of the mortgage satisfaction from Steven J. Baum, P.C., following contact with the NYS Attorney General's Office.

## IV. Disputed Revival and Illegal Foreclosure Efforts

- **April 3, 2018**

  U.S. Bank initiated an action to vacate the recorded satisfaction of mortgage (Index No. EF003745-2018).
  🔴 *Legal issue: Action was filed beyond the 6-year statute of limitations; the debt was extinguished in 2004.*

- **2018**

  U.S. Bank filed a foreclosure action despite statute of limitations expiring on February 1, 2015.

- **2022**

  New York enacts the **Foreclosure Abuse Prevention Act (FAPA)**.
  🔴 *Legal effect: Bars revival of time-barred foreclosure claims and applies retroactively.*

- **2023–2024**

  U.S. Bank continued foreclosure efforts despite FAPA's prohibitions.
  🔴 *Legal issue: These actions violate FAPA and represent abuse of judicial process.*

## V. Legal Summary

🚫 **Fraudulent Assignment**

- Executed before mortgage was recorded.
- Executed by a failed lender.
- Transferred into a trust that didn't exist.

⚖️ **Lack of Standing**

- Break in chain of title.
- U.S. Bank lacked enforceable legal rights to foreclose.

🕒 **Statute of Limitations**

- Accelerated on February 1, 2009.
- Expired on February 1, 2015.
- Action filed in 2018 is time-barred.

📚 **Violations of Judiciary Law § 487**

- Deceptive litigation conducts by attorneys.
- Misuse of court process to enforce void claims.

---

## VI. Relief Requested

- A declaration that the foreclosure is **void**.
- Recognition that the mortgage was **satisfied in 2004**.
- **Compensatory, punitive, and treble damages** under CPLR and Judiciary Law.
- **Certificate of Merit** supporting the fraud and standing claims.
- Application of **FAPA** to permanently bar further action on the extinguished debt.