UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Nicole Laura Alexis Lawtone-Bowles,<br>*aka Nicole Lawtone-Bowles,*<br>　　　　　　　　　　　*Debtor* | HEARING DATE: August 26, 2025<br>HEARING TIME: 09:59 AM<br>LOCATION: Videoconference (KYP)<br>Case No. 25-35655-KYP<br>Chapter 13<br>Judge: Kyu Young Paek, U.S.B.J. |

**DEBTOR'S REPLY TO SECURED CREDITOR'S RESPONSE (DOC. 29) TO MOTION TO STRIKE OBJECTION TO PLAN AND FOR DETERMINATION OF FRAUDULENT ASSIGNMENT OF MORTGAGE**

**PRELIMINARY STATEMENT**

Debtor, Nicole Laura Alexis Lawtone-Bowles ("Debtor"), respectfully submits this Reply in further support of her Motion (Doc. 25) and in opposition to the Response filed by U.S. Bank Trust Company, National Association, as Trustee, Successor-in-Interest to U.S. Bank National Association, as Trustee, in Trust for the Holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates, Series 2002-AFC1 ("Respondent" or "Purported Secured Creditor"). Respondent's Response mischaracterizes both the procedural posture and substantive law governing standing, assignments, and objections to plan confirmation. The Court should reject Respondent's attempt to rely on a speculative, unfiled proof of claim to justify an otherwise defective objection.

CASE NO. 25-35655-KYPCHAPTER 13JUDGE: KYU YOUNG PAEK, U.S.B.J. - 1

# ARGUMENT

## I. Respondent Lacks Standing to Object to Plan Confirmation Absent Evidence of a Valid Claim

1. Bankruptcy Code § 1324(a) limits objections to plan confirmation to "the trustee, the United States trustee, or the holder of an allowed claim." Courts in this District consistently hold that a creditor must demonstrate it is the real party in interest before interposing an objection. *In re Veal*, 450 B.R. 897, 920–21 (B.A.P. 9th Cir. 2011).

2. Respondent admits no proof of claim has yet been filed (Resp. ¶ 3). Absent such filing, there is no "prima facie" evidence of claim validity under Fed. R. Bankr. P. 3001(f). Without an allowed or even pending claim, Respondent's standing is defective. *See In re Conde-Dedonato*, 391 F. Supp. 3d 631, 637 (E.D.N.Y. 2019) (requiring proper evidence of assignment to establish standing).

3. Because Respondent has not met this threshold requirement, its objection to plan confirmation [ECF No. 24] is premature and should be stricken.

## II. A Speculative Future Proof of Claim Cannot Cure Present Standing Defects

4. Respondent asserts that a future proof of claim "will include" note endorsements and assignments (Resp. ¶ 4). Such speculation is not evidence.

Until filed, evaluated, and subject to objection under Rule 3007, such documents carry no evidentiary weight.

5. Bankruptcy courts uniformly reject attempts to bootstrap future claims into present standing. *See In re Parrish*, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005) (creditor must establish standing "at the time" of objection, not based on anticipated filings).

6. Therefore, Respondent's objection is procedurally defective and should not be permitted to prejudice confirmation.

**III. The Assignments of Mortgage Are Fraudulent and Break the Chain of Title**

7. Debtor has specifically challenged the validity of the alleged mortgage assignments as fraudulent and void. A void assignment cannot confer standing, even if later attached to a proof of claim. *See Bank of N.Y. Mellon v. Gordon*, 171 A.D.3d 197, 203–04 (N.Y. App. Div. 2019) (standing requires proof of valid assignment or note possession at commencement).

8. The assignments in question post-date securitization cut-off dates and bear signatures of known "robo-signers." Such indicia of fabrication raise serious questions of authenticity. Courts may and should deny enforcement of mortgages based on fraudulent or void assignments. *See In re Agard*, 444 B.R. 231, 246–47 (Bankr. E.D.N.Y. 2011).

CASE NO. 25-35655-KYPCHAPTER 13JUDGE: KYU YOUNG PAEK, U.S.B.J. - 3

## IV. Relief Requested

9. Accordingly, even if a proof of claim is filed, its supporting assignments remain subject to challenge, and Respondent's standing defect persists.

10. Because Respondent's objection to confirmation was filed without standing, this Court should strike it pursuant to § 1324 and Fed. R. Bankr. P. 9014.

11. The Court should also make a preliminary determination that the purported assignments are facially fraudulent and cannot establish standing.

12. In the alternative, confirmation should proceed unless and until Respondent demonstrates standing through admissible evidence of note ownership and valid assignment.

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court:

(a) grant her Motion to Strike [Doc. 25];

(b) find that Respondent lacks standing to object to plan confirmation;

(c) determine that the assignments of mortgage are fraudulent and void; and

(d) grant such other and further relief as the Court deems just and proper.

Dated: Highland Falls, New York

August 21, 2025

                                              Respectfully submitted,

CASE NO. 25-35655-KYP CHAPTER 13 JUDGE: KYU YOUNG PAEK, U.S.B.J. - 4

*/s/ Nicole Laura Alexis Lawtone-Bowles*

Nicole Lawtone-Bowles ProSe

56 Center Street

Highland Falls, New York 10928

(347) 538-5386 | (845)839-0220

NicoleLawtone@aol.com

CASE NO. 25-35655-KYPCHAPTER 13JUDGE: KYU YOUNG PAEK, U.S.B.J. - 5



# New York State Unified Court System

Skip To: Content | Navigation

## Attorney Online Services - Search

Close

### Attorney Detail Report *as of 08/11/2025*

| | |
|---|---|
| **Registration Number:** | 2092831 |
| **Name:** | STEVEN JAY BAUM |
| **Business Name:** | STEVEN BAUM |
| **Business Address:** | 90 LEXINGTON AVE APT 9B<br>NEW YORK, NY 10016-8984<br>(New York County) |
| **Business Phone:** | (716) 553-5834 |
| **Email:** | stevebaum735@gmail.com |
| **Date Admitted:** | 01/15/1987 |
| **Appellate Division Department of Admission:** | 4th |
| **Law School:** | SUNY AT BUFFALO |
| **Registration Status:** | Currently registered |
| **Next Registration:** | Mar 2027 |

### Disciplinary History

*No record of discipline*

 The Detail Report above contains information that has been provided by the attorney listed, with the exception of REGISTRATION STATUS, which is generated from the OCA database. Every effort is made to insure the information in the database is accurate and up-to-date.

The good standing of an attorney and/or any information regarding disciplinary actions must be confirmed with the appropriate Appellate Division Department. Information on how to contact the Appellate Divisions of the Supreme Court in New York is available at www.nycourts.gov/courts.

 **Attorney Services**
Close

https://iapps.courts.state.ny.us/attorneyservices/wicket/page/DetailsPage?2        8/11/25, 06:29
Page 1 of 1



# UNITED STATES ATTORNEY'S OFFICE
## Southern District of New York
### U.S. ATTORNEY PREET BHARARA

---

| | |
|---|---|
| FOR IMMEDIATE RELEASE<br>Thursday, October 6, 2011<br>http://www.justice.gov/usao/nys | CONTACT:  Ellen Davis, Carly Sullivan,<br>Jerika Richardson<br>(212) 637-2600 |

### MANHATTAN U.S. ATTORNEY ANNOUNCES AGREEMENT WITH MORTGAGE FORECLOSURE LAW FIRM TO OVERHAUL ITS PRACTICES AND PAY $2 MILLION FINE

PREET BHARARA, the United States Attorney for the Southern District of New York, announced today that the United States has entered into an agreement with the law firm of STEVEN J. BAUM, P.C. ("BAUM"), one of the largest volume mortgage foreclosure firms in New York State, that requires the firm to pay $2 million to the United States and to extensively change its practices with respect to mortgage foreclosure actions (the "Agreement"). The Agreement resolves an investigation into BAUM's mortgage foreclosure-related practices, specifically whether the firm, on behalf of its lender clients, filed misleading pleadings, affidavits, and mortgage assignments in state and federal courts in New York.

Manhattan U.S. Attorney PREET BHARARA said: "In mortgage foreclosure proceedings, there are no excuses for sloppy practices that could lead to someone mistakenly losing their home. Homeowners facing foreclosure cannot afford to have faulty paperwork or inadequate evidence submitted, and today's agreement will help minimize that risk."

The Agreement specifically prohibits BAUM from engaging in certain practices related to the Mortgage Electronic Registration Systems, Inc. ("MERS"), a subscription-based electronic registry system for lenders and other entities that tracks ownership interests in mortgages. MERS members contractually agree to appoint MERS as their agent on all mortgages they register. Until recently, employees of BAUM, with the consent of MERS, had been assigning mortgages on behalf of MERS, even though they had no connection to MERS whatsoever, which resulted in errors in its legal filings in state and federal court. Pursuant to the Agreement, BAUM is prohibited from executing any assignment of a mortgage as an "officer" or "director" of MERS.

The Agreement also requires a general overhaul of BAUM's practice with respect to its filings in mortgage foreclosure actions. Under the terms of the Agreement, BAUM has agreed to:

- Take steps to inform courts of the nature of the assignments in pending foreclosure proceedings it is handling;

- Obtain appropriate affidavits from its clients attesting to the fact that they possess original notes or have conducted a diligent search and the original note could not be found;

- Have experienced attorneys supervise the preparation of pleadings, and review and approve pleadings before they can be filed;

- Implement a 12-24 month training program for its attorneys that includes an overview of the foreclosure process in New York State and a review of the litigation procedures expected at BAUM;

- Provide immediate notice to the Government when objections are raised regarding the accuracy of certain court filings related to mortgage foreclosure proceedings; and

- Maintain documentation of its compliance with the settlement.

In addition, the Agreement requires BAUM to pay the United States $2 million in exchange for a release from any potential claims pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").  FIRREA authorizes the United States to seek civil penalties for violations of, and conspiracies to violate, certain predicate criminal statutes involving financial fraud, including mail and wire fraud.   The release from liability does not preclude any other parties, including individual homeowners, from pursuing any rights they may have.

The Agreement does not constitute a finding by any court or agency that Baum has engaged in any unlawful practice or wrongdoing.  In the Agreement, Baum acknowledges, however, that it occasionally made inadvertent errors in its legal filings in state and federal court, which it attributes to human error in light of the high volume of mortgage defaults and foreclosures throughout the State of New York in the wake of the national subprime mortgage crisis.

Mr. BHARARA thanked the U.S.  Trustee's Office for their invaluable assistance in this case.   The case is being handled by the Office's Civil Frauds Unit.  Assistant U.S. Attorneys PIERRE ARMAND and LARA ESHKENAZI are in charge of the case.

The Civil Frauds Unit works in coordination with President BARACK OBAMA's Financial Fraud Enforcement Task Force, on which Mr. BHARARA serves as a Co-Chair of the Securities and Commodities Fraud Working Group.  President OBAMA established the interagency Financial Fraud Enforcement Task Force to wage an aggressive, coordinated, and proactive effort to investigate and prosecute financial crimes.  The task force includes representatives from a broad range of federal agencies, regulatory authorities, inspectors general, and state and local law enforcement who, working together, bring to bear a powerful array of criminal and civil enforcement resources.  The task force is working to improve efforts across the federal executive branch, and with state and local partners, to investigate and prosecute significant financial crimes, ensure just and effective punishment for those who perpetrate financial crimes, combat discrimination in the lending and financial markets, and recover proceeds for victims of financial crimes.

11-302                                                                        ###

# EXHIBIT 4

## ASSIGNMENT OF MORTGAGE

KNOW THAT Alliance Funding, a Division of Superior Bank FSB
One Ramland Road, Orangeburg, New York 10962

, assignor,

in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration

paid by      See Attached Exhibit " A "

, assignee,

hereby assigns unto the assignee,

Mortgage dated the 29th day of    JUNE    , 2001    , made by
NICOLE LAWTONE BOWLES

to ALLIANCE FUNDING COMPANY
in the principal sum of $ 70,600.00    and recorded on the 8th day of August, 2001
, in Liber 8597    of Mortgages, page 164 , in the office of the County Clerk/ Register of Deeds of the County
of   ORANGE         covering premises therein described.

COMMONLY KNOWN AS:   56 CENTER ST
                     HIGHLAND FALLS, NY 10928-1808
("THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENTS OF SECTION 275 OF THE REAL PROPERTY LAW BECAUSE IT IS AN ASSIGNMENT WITHIN THE SECONDARY MORTGAGE MARKET.")

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment this 9th day of   JULY
2001
IN PRESENCE OF:                          Alliance Funding, a
                                         Division of Superior Bank FSB

_[signature]_                            _[signature]_
-SEAL-                                   J. A. SORICELLI
                                         VICE PRESIDENT

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF ROCKLAND   )

On the 9th   day of   JULY         in the year   2001    before me, the undersigned, a Notary Public
in and for said State, personally appeared   J. A. SORICELLI, VICE PRESIDENT
personally known to me or proved to me on the basis of satisfactory evidence to be the individual (s) whose name (s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature (s) on the instrument, the individual (s), or the person upon behalf of which the individual (s) acted, executed the instrument.

_[signature]_           EILEEN O'KEEFFE
                        NOTARY PUBLIC, State of New York
                        No. 01OK6053056
                        Qualified in Orange County
                        My Commission Expires Jan. 2, 2003

Assignment of Mortgage
without Covenant

SECTION  103
BLOCK    3
LOT      48
COUNTY OR TOWN    ORANGE

RETURN BY MAIL TO:   When recorded return to :
                     Richmond Monroe Group
                     82 Jim Linegar LN
                     Branson West, MO. 65737
                     SPS # 0002327161

LOAN ID: [redacted]
AJTK
ASG014A.NYM

NY ASSIGNMENT OF MORTGAGE (9/14/99)

**EXHIBIT A**

Assignee: U.S. Bank National Association, as trustee, in trust for the holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates, Series 2002-AFC1
C/O Select Portfolio Servicing, Inc.
3815 S. West Temple
Salt Lake City, Utah 84115

# EXHIBIT D

## ASSIGNMENT OF MORTGAGE

KNOW THAT Alliance Funding, a Division of Superior Bank FSB
One Ramland Road, Orangeburg, New York 10962
, assignor,

in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration

paid by      See Attached Exhibit "A"

, assignee,

hereby assigns unto the assignee,

Mortgage dated the 29th day of    JUNE    , 2001   , made by
NICOLE LAWTONE BOWLES

to ALLIANCE FUNDING COMPANY
in the principal sum of $ 70,600.00   and recorded on the 8th day of August, 2001
, in Liber 8597   of Mortgages, page 164 , in the office of the County Clerk/ Register of Deeds of the County
of ORANGE    covering premises therein described.

COMMONLY KNOWN AS:   56 CENTER ST
HIGHLAND FALLS, NY 10928-1808
("THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENTS OF SECTION 275 OF THE REAL PROPERTY
LAW BECAUSE IT IS AN ASSIGNMENT WITHIN THE SECONDARY MORTGAGE MARKET.")

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment this 9th day of   JULY
2001
IN PRESENCE OF:

Alliance Funding, a
Division of Superior Bank FSB

J. A. SORICELLI
VICE PRESIDENT

-SEAL-

STATE OF NEW YORK      )
) ss:
COUNTY OF ROCKLAND     )

On the 9th day of   JULY   in the year  2001   before me, the undersigned, a Notary Public
in and for said State, personally appeared   J. A. SORICELLI, VICE PRESIDENT
personally known to me or proved to me on the basis of satisfactory evidence to be the individual (s) whose name (s) is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies),
and that by his/her/their signature (s) on the instrument, the individual (s), or the person upon behalf of which the individual (s)
acted, executed the instrument.

EILEEN O'KEEFFE
NOTARY PUBLIC, State of New York
No. 01OK6053056
Qualified in Orange County
My Commission Expires Jan. 2, 2003

Assignment of Mortgage
without Covenant

SECTION 103
BLOCK   3
LOT     48
COUNTY OR TOWN   ORANGE

RETURN BY MAIL TO:   SUPERIOR BANK FSB
ONE RAMLAND ROAD
ORANGEBURG, NY 10962
ATTN: RECORDED DOCUMENTS DEPT.

LOAN ID: ▮▮▮▮▮
AJTK         ASG014A.NYM

NY ASSIGNMENT OF MORTGAGE (9/14/99)

# EXHIBIT A

Assignee: U.S. Bank National Association, as trustee, in trust for the holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates, Series 2002-AFC1
C/O Select Portfolio Servicing, Inc.
3815 S. West Temple
Salt Lake City, Utah 84115

## 📜 Chronological Timeline of Events: Nicole Lawtone-Bowles – Mortgage and Foreclosure Dispute

### I. Mortgage Origination and Early Chain of Title Issues

- **June 29, 2001**
  Nicole Lawtone-Bowles closed on a $70,600 mortgage for 56 Center Street, Highland Falls, NY, originated by Alliance Funding, a division of Superior Bank, FSB.

- **July 9, 2001**
  Assignment of Mortgage was executed *before* the mortgage was recorded.
  🔴 *Legal issue: An assignment prior to recording is procedurally invalid under New York law.*

- **July 27, 2001**
  Superior Bank failed; the FDIC was appointed receiver.
  🔴 *Legal issue: No lawful authority to execute or ratify transfers post-failure without FDIC documentation.*

- **August 8, 2001**
  The mortgage was officially recorded in Orange County Clerk's Office.
  🔴 *Legal issue: Recording after failure raises authenticity and authority issues.*

### II. Satisfaction and Servicing Transitions

- **2002**
  Merrill Lynch Mortgage Investors Trust Series 2002-AFC1 was created.
  🔴 *Legal issue: Mortgage assignment in 2001 to a trust created in 2002 is facially fraudulent.*

- **2002**
  LaSalle Bank became trustee for the Merrill Lynch Trust 2002-AFC1.

- 🔴 *Legal issue: No FDIC documentation exists to prove the transfer of Superior Bank's assets.*

- **September 7, 2004**
  Lawtone-Bowles paid $81,000 by signing over her workers compensation check to Steven J. Baum, P.C., counsel for SPS, and received a "Paid in Full" letter confirming satisfaction of the mortgage.

- **2004**
  Fairbanks Capital Corp. (1989-2004) rebranded to Select Portfolio Servicing (SPS), the servicer involved in the dispute.

- **2007**
  Bank of America acquired LaSalle Bank, becoming successor trustee.

---

### III. Acceleration, Foreclosure, and FAPA Violations

- **February 1, 2009**
  Lawtone-Bowles allegedly defaulted on her mortgage. Loan was accelerated.
  🔴 *Legal effect: Statute of limitations (6 years under CPLR § 213(4)) begins.*

- **January 8, 2010**
  LaSalle Bank, as trustee, initiated foreclosure action (Index No. 592/2010).

- **2010**
  U.S. Bank replaced Bank of America as trustee for the Merrill Lynch Trust Series 2002-AFC1.

- **2011**
  Steven J. Baum, P.C., the foreclosure counsel, was shut down for systemic fraud and robo-signing.

- **2015**
  Lawtone-Bowles received written confirmation of the mortgage satisfaction from Steven J. Baum, P.C., following contact with the NYS Attorney General's Office.

## IV. Disputed Revival and Illegal Foreclosure Efforts

- **April 3, 2018**
U.S. Bank initiated an action to vacate the recorded satisfaction of mortgage (Index No. EF003745-2018).
🔴 *Legal issue: Action was filed beyond the 6-year statute of limitations; the debt was extinguished in 2004.*

- **2018**
U.S. Bank filed a foreclosure action despite statute of limitations expiring on February 1, 2015.

- **2022**
New York enacts the **Foreclosure Abuse Prevention Act (FAPA)**.
🔴 *Legal effect: Bars revival of time-barred foreclosure claims and applies retroactively.*

- **2023–2024**
U.S. Bank continued foreclosure efforts despite FAPA's prohibitions.
🔴 *Legal issue: These actions violate FAPA and represent abuse of judicial process.*

## V. Legal Summary

### 🚫 Fraudulent Assignment

- Executed before mortgage was recorded.
- Executed by a failed lender.
- Transferred into a trust that didn't exist.

### ⚖️ Lack of Standing

- Break in chain of title.
- U.S. Bank lacked enforceable legal rights to foreclose.

### 🕒 Statute of Limitations

- Accelerated on February 1, 2009.
- Expired on February 1, 2015.
- Action filed in 2018 is time-barred.

### 📚 Violations of Judiciary Law § 487

- Deceptive litigation conducts by attorneys.
- Misuse of court process to enforce void claims.

---

## VI. Relief Requested

- A declaration that the foreclosure is **void**.
- Recognition that the mortgage was **satisfied in 2004**.
- **Compensatory, punitive, and treble damages** under CPLR and Judiciary Law.
- **Certificate of Merit** supporting the fraud and standing claims.
- Application of **FAPA** to permanently bar further action on the extinguished debt.

**Nicole Lawtone-Bowles Prose v. Steven J Baum, Steven J. Baum, P.C.,, Riyaz G Bhimani, Eckert Seamans Cherin & Mellott, Llc., Select Portfolio Servicing, Lasalle Bank National Association, As Trustee, In Trust For The Holders Of Merrill Lynch Mortgage Investors Trust Series 2002-Afc1, U.S. Bank National Association, As Trustee, As Successor-In-Interest To Bank Of America National Association, As Trustee, As Successor By Merger To Lasalle Bank National Association, As Trustee Et Al Merrill Lynch Trust**

## Mortgage Chain of Title and Foreclosure Abuse Timeline

### Property: 56 Center Street, Highland Falls, NY 10928

| Event | Date | Significance |
|---|---|---|
| Assignment of Mortgage Executed | July 9, 2001 | Executed before official recording; indicative of procedural impropriety and fraud. |
| Superior Bank Failure | July 27, 2001 | Original lender failed before the mortgage was recorded; creates a break in the chain of title. |
| Mortgage Officially Recorded | August 8, 2001 | Post-bank failure recording casts doubt on the legitimacy of the mortgage. |
| Merrill Lynch Mortgage Investors Trust Created | Post-2001 | Trust formed after the mortgage assignment; retroactive assignment is facially invalid. |
| LaSalle Bank Becomes Trustee | 2002 | Trustee status only valid if initial transfer was legitimate, which is disputed. |
| $81,000 Check to Steven J. Baum | September 4, 2004 | Debt satisfied via compensation check; contradicts later foreclosure claims. |
| Bank of America Acquires LaSalle | 2007 | Chain of title allegedly passed, but initial flaws persist. |

| Event | Date | Significance |
|---|---|---|
| U.S. Bank Becomes Trustee | 2010 | Claims to hold interest from 2001, but timeline and transfer documents are invalid. |
| Foreclosure Action Filed by U.S. Bank | 2018 | Action filed 17 years after supposed assignment; likely time-barred. |
| Foreclosure Abuse Prevention Act (FAPA) Enacted | 2022 | Prohibits revival of stale foreclosure claims; directly affects this case. |
| Ongoing Foreclosure Attempts | 2023–2024 | Potentially illegal attempts to enforce a void claim. |
| Nicole Lawtone-Bowles Loses Home | Early 2025 | Property loss despite substantial evidence of fraud and satisfied debt. |
| Local Fraud Investigation Launched | April 1, 2025 | Police and DA initiate white-collar crime probe. |
| FBI Accepts Complaint | June 4, 2025 | Nicole Lawtone-Bowles formally interviewed; federal case initiated. |
| FBI Follow-Up Interview | June 11, 2025 | Ongoing federal investigation into systemic mortgage and foreclosure fraud. |