UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE LAWTONE-BOWLES,

               Plaintiff,

        -against-

STEVEN J. BAUM, ET AL.,

              Defendants.

25-CV-1218 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP)*,* has filed a motion for entry of a default judgment (ECF 14). She alleges that Defendants were served by mail with the complaint but have failed to answer or otherwise respond. For the reasons set forth below, the Court denies Plaintiff's motion for entry of a default judgment.

## DISCUSSION

To effect service under Rule 4 of the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Moreover, to be proper, a "summons must: . . .  (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F)-(G); *see also Lee v. Delta Air Lines, Inc.*, No. 22-CV-8618 (DEH) (RWL), 2025 WL 2208856, at *2 (S.D.N.Y. Aug. 4, 2025) ("[T]he summons was neither signed by the Clerk of Court nor bore the seal of the Court . . . . Those defects are fatal to the propriety of service."), *recon. denied*, 2025 WL 2463593 (S.D.N.Y. Aug. 27, 2025).

Section 1915 authorizes federal courts to dismiss IFP actions "*sua sponte* prior to the issuance of process." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Le Grand v. Evan*, 702 F.2d 415, 417 (2d Cir. 1983) ("[I]t is the practice of the Eastern District [of New York] to

determine whether a complaint is "frivolous or malicious" under [former] 28 U.S.C. § 1915(d) . . . before issuance of a summons.").[1]

Here, summonses signed and sealed by the Clerk of Court have not issued. Plaintiff proceeds IFP and the Court therefore screened the complaint under Section 1915(e)(2)(B) before issuance of summonses.[2] On July 3, 2025, Plaintiff submitted "proof of service" reflecting that she mailed copies of the complaint to defendants, but mailing a complaint is not sufficient for service of process under Rule 4. *See, e.g.*, *Deptula v. Rosen*, 558 F. Supp. 3d 73, 86 (S.D.N.Y. 2021) ("[M]ailing a summons and complaint to a defendant—without more—is not good service under federal law, *see* Fed. R. Civ. P. 4(e)(2); 4(h)(1)(A), [or] under New York law, *see* CPLR §§ 308-311(a)."). Accordingly, because there was no proper service of a summons and complaint, Plaintiff is not entitled to entry of default judgment.

### CONCLUSION

The Court denies Plaintiff's motion for entry of a default judgment (ECF 14), and the Clerk of Court is directed to terminate the motion.

SO ORDERED.

Dated:    March 10, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

---

[1] Where a plaintiff proceeds IFP, the IFP statute requires the court to dismiss the action if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] On August 6, 2025, the Court dismissed the complaint for failure to state a claim on which relief may be granted, with leave to replead. Plaintiff has since filed an amended complaint, and supplemental exhibits (ECF 19-22).