UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE LAWTONE-BOWLES,

Plaintiff,

-against-

STEVEN J. BAUM; RIYAZ G. BHIMANI; ECKERT SEAMANS CHERIN & MELLOTT, LLC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, as Successor-in-Interest to Bank of America National Association; SELECT PORTFOLIO SERVICING; U.S. BANK NATIONAL ASSOCIATION, as Trustee, as Successor by Merger to LaSalle Bank National Association; JUDGE SANDRA B. SCORITINO,

Defendants.

25-CV-1218 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff is appearing *pro se* and *in forma pauperis*. She brings this action asserting claims arising from a foreclosure action in the Supreme Court of the State of New York, Orange County, for a mortgage loan secured by property located at 56 Center Street, Highland Falls, New York.[1] *See U.S. Bank Nat'l Ass'n as trustee, successor in trust for holders of MLMI Trust 2002-AFC1, Asset-Backed Certificates, Series 2002-AFC1 v. Nicole Lawtone-Bowles, et al.*, Index No. EF004014-2019 (hereinafter "the U.S. Bank action"). On July 9, 2024, the Orange County Supreme Court issued its Order and Decision After Trial, finding that the satisfaction of mortgage recorded with the County Clerk on July 28, 2015, "was fraudulent" and declared that it is "void, invalid, and must be canceled from public record." *In re Lawtone-Bowles*, No. 25-

[1] The foreclosure action, Index No. EF004014-2019, was consolidated on March 13, 2020, with U.S. Bank, N.A.'s action to vacate a purported satisfaction of mortgage filed with the Orange County Clerk, Index No. EF003745-2018.

35655 (KYP), 2025 WL 3164631, at *3 (Bankr. S.D.N.Y. Nov. 12, 2025) (citing *Lawtone-Bowles, et al.*, Index No. EF004014-2019).

Plaintiff thereafter commenced this action on February 10, 2025, and by order dated August 6, 2025, the Court dismissed the complaint with leave to replead. In response, Plaintiff filed the operative amended complaint (ECF 19) and a series of exhibits (ECF 20-22). She sues Judge Sandra B. Scoritino, who presided over the U.S. Bank Action; mortgage loan servicer Select Portfolio Servicing ("SPS"); U.S. Bank, N.A., as Trustee and Successor in interest to two different banks; and attorneys involved in state court proceedings related to her mortgages (Riyaz G. Bhimani and his firm Eckert Seamans Cherin & Mellot, LLC, and Steven J. Baum). For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are alleged in the amended complaint.[2] In 2001, Plaintiff Nicole Lawtone-Bowles obtained a mortgage from Alliance Funding in the amount of $70,600, secured by her home in Highland Falls, New York. (ECF 19 at 2.) On September 7, 2004, Plaintiff allegedly signed over a $81,000 check from a Workers' Compensation award to attorney Steven J. Baum, with the understanding that these funds would fully satisfy her mortgage. Plaintiff states that a written payoff receipt is attached as Exhibit B, but no such exhibit is attached to the amended complaint.[3] Plaintiff alleges that, even though she had fully paid off the mortgage in 2004, she continued making monthly mortgage payments for the next 11 years to servicer SPS "under protest." (*Id.* at ¶ 12.) Plaintiff asserts that a satisfaction of mortgage for her Alliance Funding mortgage loan was recorded on July 28, 2015, "confirming that the debt was paid."[4] (*Id.* at ¶ 12.)

Plaintiff contends that, in the U.S. Bank Action in the Supreme Court, Orange County, U.S. Bank, SPS, and their counsel (Riyaz G. Bhimani of Eckert Seamans Cherin & Mellott, LLC), relied on an assignment of the mortgage that misrepresented the chain of title and was

---

[2] All spelling, grammar, and punctuation in quotations from the amended complaint are as in the original unless noted otherwise.

[3] Plaintiff's original complaint stated that "Steven J. Baum gave me this paid receipt when I signed over my workers compensation check of $81,000 to pay off my home mortgage of $70,000." (ECF 16, at Exh. 2.) The document that she attached was a letter dated September 7, 2004, stating that "a claim in the amount of $70,479.13 calculated through today has been referred to us for appropriate action, such as a mortgage foreclosure proceeding." (*Id.*)

[4] This is the same 2015 satisfaction of mortgage that was found, in 2024, after trial, to be void. *In re Lawtone-Bowles*, 2025 WL 3164631, at *3. The New York Supreme Court noted that, in 2016, Plaintiff obtained a mortgage from Hudson Valley Federal Credit Union ("HVFCU"), which HVFCU deemed to be a first mortgage on the property. *Id.* at *2.

executed without legal authority. (*Id.* at ¶¶ 13-14.) During the foreclosure proceedings, Plaintiff states that she "presented evidence of the payoff." (*Id.* at ¶ 15.)

Justice Scoritino entered a judgment of foreclosure in favor of U.S. Bank. (*Id.*) Plaintiff contends that the "judgment was procured through fraud upon the court, concealment of material facts, and reliance on fabricated mortgage assignments." (*Id.* at ¶ 16.)

Plaintiff now seeks a declaratory judgment that her mortgage obligation was satisfied and that the foreclosure judgment is void. In addition, she seeks injunctive relief to prohibit further collection activity. (*Id.* at 5.) Plaintiff also brings claims for damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

## DISCUSSION

### A. Claims for Relief from State Court Judgment

Federal district courts generally lack power to review directly cases from state courts. *See T.M. v. Univ. Of Maryland Med. Sys. Corp.*, 608 U.S. 668, 676 (2026) (citing *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 286 (1970)). A litigant seeking relief from a state-court judgment may appeal within the state system and ultimately file a petition for a writ of *certiorari* to the United States Supreme Court, which is the only federal court with appellate authority over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (["Section] 1257, as long interpreted, vests authority to review a state court's judgment solely in" the Supreme Court).

Because federal district courts cannot exercise appellate jurisdiction of state-court judgments, when a plaintiff brings claims that are essentially appeals of state-court judgments,

the federal district court lacks subject matter jurisdiction. *See T.M.*, 608 U.S. at 681 (explaining that suits that "see[k] what in substance would be appellate review of [a] state judgment," are barred in lower federal courts). In evaluating whether a claim amounts to an appeal from a state-court judgment, a district court must consider whether the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the district-court proceedings after the state court judgment was rendered. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).[5] Courts must apply this standard on a claim-by-claim basis. *See Dorce v. City of New York*, 2 F.4th 82, 103 (2d Cir. 2021).

The second prong of this inquiry, causation, is the "core requirement." *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018) (citation omitted). Claims premised on injuries from alleged fraud or misconduct that occurred before entry of a state-court judgment are not caused by that judgment, even if those injuries were subsequently ratified by it. *See Dorce*, 2 F.4th at 104; *see also Amelio v. Quicken Loans, Inc.*, No. 24-1619, 2026 WL 1876070, at *3 (2d Cir. June 30, 2026) (reversing district court decision in part and holding that claims that defendants defrauded plaintiffs when they took out a mortgage, fraudulently collected payments and assigned the mortgage, and engaged in fraud in violation of RICO in obtaining the judgment were not caused by the state-court judgment).

Here, before bringing this action in 2025, Plaintiff lost in the Supreme Court, Orange County, which issued its July 9, 2024 Order and Decision After Trial, finding that the July 28,

---

[5] Moreover, federal district courts lack jurisdiction of a claim that meets these criteria even when the state-court judgment is subject to further appeals in state court; this doctrine does not apply only to final judgments of the highest court of a State, which are subject to review under Section 1257 in the U.S. Supreme Court. *See T.M.*, 608 U.S. at 680.

2015 purported satisfaction of mortgage "was fraudulent" and that it is "void, invalid, and must be canceled from public record." *In re Lawtone-Bowles*, 2025 WL 3164631, at *3. The Orange County Supreme Court stated that Plaintiff "claims that she satisfied the mortgage in response to a September 2004 demand by attorney Steven J. Baum, P.C.," but held that her "lack of credibility is repeatedly evidenced by her testimony and the documents admitted into evidence," and concluded that "as of August 4, 2023, the total amount due and owing to [U.S. Bank] pursuant to the [Note and Mortgage] is $197,345.78." *Id.* at * 2-3. Plaintiff seeks a declaratory judgment that the foreclosure judgment is void, as well as injunctive relief to prohibit further collection activity. (ECF 19 at 5.)

These claims (premised on harms from entry of the foreclosure judgment and the determination that the satisfaction of mortgage was void and the mortgage is subject to collection) satisfy the core causation requirement. *See T.M.*, 608 U.S. at 679 (holding claims barred where plaintiff sought "'review and rejection' of the consent order by asking the District Court to '[d]eclare that the 'Consent Order' is 'unconstitutional, unenforceable, and void ab initio' and to enjoin 'enforcement'"); *Vossbrinck*, 773 F.3d at 427 (holding that the "paradigm situation" when the district court lacks subject matter jurisdiction is where the plaintiff has "repaired to federal court to undo the [state] judgment" (quoting *Exxon Mobil Corp.,* 544 U.S. at 293)); *Amelio*, 2026 WL 1876070, at *3 ("[S]eeking to have a state-court judgment voided paradigmatically shows that the relevant injury is the state-court judgment itself.").

The other two inquiries are also satisfied because Plaintiff lost in state court, and she did so in 2024, before she brought this action in 2025. Accordingly, this claim—seeking declaratory judgment that her mortgage obligation was satisfied and the foreclosure judgment is void, as well as injunctive relief to prohibit further collection activity— is essentially an appeal of the state

court judgment. The Court therefore lacks subject matter jurisdiction of these claims and dismisses them on that basis.

Plaintiff's remaining federal claims under the TILA, RESPA, FDCPA, FCRA, and RICO arose before, and were not caused by, entry of judgment. These claims therefore are not essentially appeals from the state-court judgment, and the Court considers each claim below.

**B. TILA**

As set forth in the Court's prior order, Congress enacted the TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . . ." 15 U.S.C. § 1601(a). For example, TILA requires "lenders to disclose to consumers certain material terms clearly and conspicuously in writing, in a form that consumers may examine and retain for reference." *Cardiello v. The Money Store, Inc.*, No. 00-CV-7332 (NRB), 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001), *aff'd*, 29 F. App'x 780 (2d Cir. Mar. 15, 2002).

Actions for damages under the TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). For actions under Sections 1639, 1639b, and 1639c, the period is three years. *Id.* For closed-ended transactions like mortgages, the "date of the occurrence of the violation" is the date that the plaintiff enters into the loan agreement. *See Ledgerwood v. Ocwen Servicing LLC*, No. 15-CV-1944, 2015 WL 7455505 (E.D.N.Y. Nov. 21, 2015).

Plaintiff contends that "U.S. Bank, as successor to the original lender, failed to provide accurate disclosures at the consummation of the loan in 2001 and failed to account for Plaintiff's payoff in 2004." (ECF 19 at 3, ¶ 19.) She argues that "the limitations period should be equitably tolled due to Defendants' concealment of the misapplication of funds until Plaintiff discovered the recorded satisfaction in 2015." (*Id.* at ¶ 20.)

First, Plaintiff fails to include any facts about the inadequacy of disclosures for the loan issued in 2001, approximately 25 years ago. The Court's prior order granting leave to replead explained that, to state a claim, Plaintiff must include factual support or detail about what occurred and how this violated the TILA. (ECF 18 at 5.) Plaintiff's amended complaint again does not identify any particular inadequacy in the loan disclosures in 2001, and these allegations thus fail to state a claim for a violation of the TILA.

Moreover, insofar as Plaintiff relies on arguments that her TILA claim is somehow timely because she had already paid off the 2001 loan, and the 2015 recorded satisfaction of mortgage was valid, she cannot relitigate issues already resolved after trial in state court. A "federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009). Under New York law, the doctrine of issue preclusion "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination." *Weiss v. Manfredi*, 83 N.Y.2d 974, 976 (1994).

Two requirements must be satisfied for issue preclusion to apply: (1) there must be an "identity of issue which has necessarily been decided in the prior action and is decisive of the present action," and (2) plaintiff must have had "a full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Pub. Adm'r*, 24 N.Y.2d 65, 71 (1969). Issue preclusion "'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (citation omitted).

Here, Plaintiff seeks to rely on "the recorded satisfaction [of the mortgage] in 2015." (ECF 19 at ¶ 20.) Plaintiff had an opportunity to testify and present evidence at a trial, where the issues of whether the mortgage had been paid and whether the recorded 2015 satisfaction recorded was valid were actually litigated and resolved against her. The satisfaction of mortgage has been deemed "void" and declared "canceled from [the] public record," *In re Lawtone-Bowles*, 2025 WL 3164631, at *3 (citation omitted), and issue preclusion therefore bars her from relitigating these issues. For all of these reasons, Plaintiff's claim under the TILA fails to state a claim on which relief may be granted and is therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. RESPA**

RESPA is a consumer protection statute that regulates the real estate settlement process and "provides a framework for borrowers to remedy errors relating to the servicing of their mortgage loans." *Naimoli v. Ocwen Loan Servicing, LLC*, 22 F.4th 376, 379 (2d Cir. 2022). RESPA imposes duties upon a loan servicer who receives a Qualified Written Request from a mortgagee. *See Roth v. CitiMortgage, Inc.,* 756 F. 3d 178, 181 (2d Cir. 2014).

Plaintiff contends that SPS, as loan servicer, "continued to send false monthly statements after the mortgage was paid off." (ECF 19 at 4, ¶ 22.) Plaintiff contends that she "sent written disputes to SPS regarding the account, constituting Qualified Written Requests under RESPA, but SPS failed to correct the error or investigate in good faith." (*Id.* at ¶ 23.)

As set forth above, the issues of whether the mortgage had been paid and whether the satisfaction recorded in 2015 was valid were actually litigated and resolved against Plaintiff. Issue preclusion therefore bars her from relitigating these matters. Plaintiff cannot rely on allegations that, because her mortgage was paid off, SPS violated RESPA by continuing to send notices. Plaintiff's allegations thus fail to state a RESPA claim on which relief may be granted and are dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. FDCPA**

The FDCPA defines a debt collector governed by the Act as one "who regularly collects . . . debts owed or due . . . another," or as a person involved "in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6). Plaintiff contends that attorneys "Baum, Bhimani, and Eckert Seamans, acting as debt collectors, made false representations of the character, amount, and legal status of the debt by pursuing foreclosure despite recorded satisfaction." (ECF 19 at 4, ¶ 25.)

A foreclosure action "is an 'attempt to collect a debt' as defined by the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 82 (2d Cir. 2018). Plaintiff alleges that these attorneys violated the FDCPA in pursuing foreclosure because there was a "recorded satisfaction" of mortgage. (ECF 19 at 4, ¶ 25.), The satisfaction of mortgaged has been declared void, and issue preclusion estops Plaintiff from relitigating the validity of the satisfaction of mortgage. Her allegations that Defendants pursued foreclosure despite the 2015 satisfaction of mortgage thus do not state a claim for a violation of the FDCPA because the satisfaction must be treated as void. Plaintiff's FDCPA claims are therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**E. FCRA**

The FCRA imposes two main duties on furnishers of information: (1) a duty to provide accurate information, 15 U.S.C. § 1681s-2(a); and (2) a duty to investigate after receiving a notice of dispute, 15 U.S.C. § 1681s-2(b). Plaintiff contends that "U.S. Bank and SPS furnished inaccurate information to credit reporting agencies indicating that Plaintiff was delinquent on the satisfied mortgage." (ECF 19 at 4 ¶ 27.) She further alleges that, "after receiving Plaintiff's disputes from credit bureaus, Defendants failed to reasonably investigate or correct the inaccuracies. (*Id.* at ¶ 28.)

As explained in the Court's order granting leave to replead (ECF 18), violations of the furnisher's duty in Section 1681s–2(a) to provide accurate information are enforced by certain government officials—not consumers themselves. *See* 15 U.S.C. § 1681s-2(d) (stating that subsection (a) of the FCRA "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title"); *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("[T]here is no private cause of action for violations of § 1681s-2(a)."); *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 79 (W.D.N.Y. 2018) ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials."). Plaintiff thus cannot sue any defendant for allegedly furnishing false information to a consumer reporting agency.

Plaintiff further alleges that Defendant failed to investigate her claim that it was inaccurately reporting that she was delinquent on the satisfied mortgage. (ECF 19 at 4 ¶ 27-28.) Once again, issue preclusion estops Plaintiff from relitigating the conclusion that the satisfaction of mortgage was fraudulent and void. Plaintiff's allegations that Defendant failed to investigate her claim that the mortgage was satisfied thus do not state a claim on which relief may be granted for a violation of the FCRA because the satisfaction must be treated as void. Plaintiff's claims under the FCRA are therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**F. RICO**

Plaintiff contends that Defendants "formed an association-in-fact enterprise with the common purpose of collecting unlawful mortgage payments and foreclosing on satisfied mortgages." (ECF 19 at ¶ 30.) Plaintiff is estopped from relitigating the conclusion that the satisfaction of mortgage was fraudulent and void. These allegations thus do not state a claim on

which relief may be granted for a violation of the RICO, and Plaintiff's RICO claims are therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**G. State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**H. Leave to Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

Plaintiff's claims seeking to void the judgment in the consolidated U.S. Bank action in the Supreme Court, Orange County, involving Index Nos. EF004014-2019 and EF003745-2018,

and declare her mortgage satisfied are dismissed without prejudice for lack of jurisdiction. The Court dismisses Plaintiff's remaining federal claims under the TILA, RESPA, FDCPA, FCRA, and RICO for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and declines, under 28 U.S.C. § 1367(c)(3), to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated: November 16, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.